UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PATRICK JOHN PACALO,

    Plaintiff,

v.                                      Case No: 5:17-cv-376-Oc-30PRL

UNITED STATES OF AMERICA,

    Defendant.

## ORDER OF DISMISSAL

THIS CAUSE comes before the Court *sua sponte*. Plaintiff filed a Complaint (Doc. 1) against the United States. In it, Plaintiff lists the following as the "causes of action":

> Abuse and Torture by the U.S. department of veterans affairs, US Army, and Army National Guard: refusal to pay retirement benefits and VA benefits, blocking education, refusal to conduct veterans re-employment, refusal to pay voc rehab benefits, using Alcoholics Anonymous to spy on me, violation of basic human and Constitutional rights, unlawful imprisonment, malpractice, privacy act violations, destruction of my life since 1984..[sic]

Despite this laundry lists of causes of action, Plaintiff makes no allegations. Plaintiff then separately files what appear to be letters of reference and certificates, as well as other miscellaneous documents.

The Court concludes the Complaint should be dismissed without prejudice because it does not comply with the Federal Rules of Civil Procedure, and because it fails to state any cause of action. The Court directs Plaintiff to the following rules:

**Rule 8. General Rules of Pleading**
**(a)**    **Claim for Relief.** A pleading that states a claim for relief must contain:

> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.
>
> …
>
> **Rule 10. Form of Pleadings**
>
> …
>
> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Fed. R. Civ. P. 8(a) and 10(b).[1] Plaintiff's Complaint contains no allegations supporting any of his claims, no numbered paragraphs, and no demand for relief for his claims (other than a reference to $1,000,000 that is not tied to any specific cause of action). Absent factual allegations, the Complaint cannot state any cause of action.

While the Complaint is being dismissed, the Court concludes Plaintiff should be given an opportunity to file an amended complaint. But the Court warns Plaintiff that failure to abide by the Federal Rules of Civil Procedure a second time could result in the case being dismissed with prejudice. *Kennedy v. Bell S. Telecommunications, Inc. (AT&T)*, 546 F. App'x 817, 820 (11th Cir. 2013).

---

[1] Plaintiff can download all of the Federal Rules of Civil Procedure online at http://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint (Doc. 1) is dismissed without prejudice.

2. Plaintiff has thirty (30) days from the date of this Order to file an amended complaint. Failure to do so will result in this case being closed.

3. All pending motions are denied without prejudice as moot.[2]

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of August, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[2] Like the Complaint, it is insufficient for Plaintiff to file a motion that does not include legal argument and the requested relief. In other words, a title and signature is not a valid motion.