# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

PATRICK JOHN PACALO,

    Plaintiff,

v.                                                       Case No: 5:17-cv-376-Oc-30PRL

US DEPARTMENT OF VETERANS
AFFAIRS,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motions Relevent to Ammended Claim [sic] (Doc. 10), which the Court construes as requests to appoint counsel, seal documents, and refer the case to mediation. For the reasons below, the Motion must be denied.

First, Plaintiff asks the Court to appoint counsel because he cannot afford one. Although Plaintiff may be indigent,[1] he would only be entitled to counsel if he may "lose his physical liberties if he loses the litigation." *Lassiter v. Dept. of Soc. Serv. of Durham Cnty., N.C.,* 452 U.S. 18, 25, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). Because Plaintiff's claims against the Government have no bearing on his physical liberties if he loses, he is not entitled to have counsel appointed.[2]

---

[1] Plaintiff has not been found indigent in this case, and no motion is pending.

[2] While the Court cannot appoint counsel, Plaintiff is free to contact any of the numerous organizations in the area that provide *pro bono* service to the indigent and veterans.

As to his request to have documents sealed, Plaintiff has not complied with Local Rule 1.09(a).[3] The rule requires Plaintiff to (1) identify the items he wants sealed, (2) state why filing the items is necessary, (3) state why sealing the items is necessary, (4) explain why a means other than sealing is unavailable, (5) propose a duration of the seal, and (6) provide a memorandum of legal authority supporting the seal. Because Plaintiff has not complied with the rule, his request must be denied.

As to Plaintiff's request to refer this case to mediation, the Court lacks the authority to grant his request in the manner he intends. It appears Plaintiff wants the case tried to a mediator, or for a mediator to resolve the claims as opposed to having a trial. While parties are free to agree to mediate or arbitrate their disputes, the Court cannot delegate its Constitutional authority in such a way that would allow a mediator to enter a binding judgment in lieu of a jury or bench trial. And even if the Court could, Plaintiff's request is premature as he has not yet served the Defendant.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motions Relevent to Ammended Claim [sic] (Doc. 10) is DENIED as follows:

    a. Plaintiff's request for to have counsel appointed is denied with prejudice.

    b. Plaintiff's request to have documents sealed is denied without prejudice.

---

[3] Plaintiff can obtain a copy of the Local Rules at http://www.flmd.circ11.dcn/Forms-Policies/admin/USDC-MDFL-LocalRules12-2009.pdf.

c. Plaintiff's request to refer case to mediation is denied with prejudice to the extent that the Court cannot order mediation in lieu of a trial.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of September, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record